UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF LCDR NOEL
ROBBINS, USN (RET.),

    Plaintiff,

v.                                            Case No: 8:15-cv-02832-EAK-JSS

JAMES CLAYTON RUNYON, ESQ.
and KAREN LYNN HICKS,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Notice to Advise U.S District Court Honorable Magistrate Judge Julie S. Sneed and Honorable Judge Elizabeth A. Kovachevich of Federal Cases Regarding Estate Cases with One Personal Representative, One Beneficiary, and One Interested Person and Motion to Reverse Orders to Retain Counsel ("Motion") (Dkt. 29).  Upon consideration, the Motion is denied for the reasons stated below.

### BACKGROUND

Plaintiff in this case is the Estate of LCDR Noel Robbins, USN (Ret.) ("the Estate"). The Estate is not represented by counsel.  The Complaint, the Motion for Leave to Proceed *In Forma Pauperis*, and the Motion Requesting Appointment of Counsel were submitted by Carrole R. Ward.  (Dkt. 1 at 69; Dkt. 2 at 7; Dkt. 6 at 3.)  Ms. Ward asserts that she is the surviving spouse of Lieutenant Commander Noel Robbins and the personal representative of the Estate.  (Dkt. 1 at 1; Dkt. 2 at 7; Dkt. 6 at 3.)

In its January 14, 2016 Order, the Court denied the Motion for Leave to Proceed *In Forma Pauperis* as moot because the $400 filing fee was paid on January 13, 2016. (Dkt. 9 at 2; Dkt. 7.) The Court denied the Motion Requesting Appointment of Counsel because, in light of the payment of the filing fee, the Court did not consider the Estate indigent, which is a requirement for appointment of counsel under 28 U.S.C. § 1915(e)(1). The Court further noted that the Motion Requesting Appointment of Counsel was improperly filed because a non-lawyer is not permitted to proceed pro se on behalf of an estate. *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012).

On February 1, 2016, Ms. Ward, on behalf of the Estate, filed a Motion for Hearing and Clarification related to the Court's January 14, 2016 Order. (Dkt. 14.) In that motion, the Estate requested that the Court either set a hearing or reverse its January 14, 2016 Order and permit Ms. Ward to continue to represent the Estate pro se. On February 10, 2016, the Court issued an order denying the Motion for Hearing and Clarification. (Dkt. 16.) On February 12, 2016, Plaintiff filed an Amended Motion for Hearing and Clarification (Dkt. 19), which the Court denied on March 8, 2016 (Dkt. 27).

On February 17, 2016, the Court entered an order directing the Estate to file a notice of appearance of counsel on or before February 19, 2016 and noting that the failure to do so would result in the cause being dismissed without further notice. (Dkt. 18.)

On February 19, 2016, the Estate filed a Notice of Interlocutory Appeal of the Court's January 14, 2016 and February 10, 2016 orders. (Dkt. 22.) The appeal remains pending before the U.S. Court of Appeals for the Eleventh Circuit.

In the instant Motion, filed March 23, 2016, the Estate asks the Court to "reverse the prior Orders to retain counsel." (Dkt. 29 at 9.) The Estate cites to non-binding cases from appellate courts outside the Eleventh Circuit and from state court. (Dkt. 29 at 2.)

**APPLICABLE STANDARDS**

Because the Motion requests that the Court reverse its prior orders, the Court construes the Motion as a motion for reconsideration. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The decision to grant a motion for reconsideration is committed to the sound discretion of the court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

**ANALYSIS**

The Estate is asking this Court to review the same issues that it has already ruled upon on three occasions. (Dkt. 9, 16, 27.) Moreover, the Eleventh Circuit is presently considering the Estate's appeal of these same orders and issues. (Dkt. 22.) As such, this Court lacks jurisdiction to consider the Motion, which concerns the same matters brought on appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal."); *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003).

- 4 -

Accordingly, it is **ORDERED** that Plaintiff's Notice to Advise U.S District Court Honorable Magistrate Judge Julie S. Sneed and Honorable Judge Elizabeth A. Kovachevich of Federal Cases Regarding Estate Cases with One Personal Representative, One Beneficiary, and One Interested Person and Motion to Reverse Orders to Retain Counsel (Dkt. 29) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 15, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Parties
Counsel of Record